IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-78,634-01






EX PARTE CHARLES RAY ROBINSON, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. C-17,995 IN THE 173RD DISTRICT COURT


FROM HENDERSON COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated
robbery and sentenced to imprisonment for life. The Twelfth Court of Appeals affirmed his
conviction. Robinson v. State, No. 12-11-00252-CR (Tex. App.--Tyler 2012, no pet.).

 Applicant contends that trial counsel is legally blind and that her conduct was deficient
because she failed to impeach a Detective Carlow and was unable to view photo arrays, read a DNA
report, and determine whether Applicant was the person depicted in a video. Applicant also
contends that appellate counsel failed to timely notify him of his right to file a pro se petition for
discretionary review. Applicant has alleged facts that, if true, might entitle him to relief. Strickland
v. Washington, 466 U.S. 668 (1984); Ex parte Wilson, 956 S.W.2d 25 (Tex. Crim. App. 1997); Ex
parte Patterson, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional
facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960),
the trial court is the appropriate forum for findings of fact. The trial court shall order counsel to
respond to each of Applicant's claims that counsel was ineffective at trial and to his claim that
counsel failed to timely notify him that he could file a pro se petition for discretionary review. The
trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d).

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent him at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law as to whether the
performance of counsel was deficient at trial and, if so, whether counsel's deficient performance
prejudiced Applicant. The trial court shall also make findings and conclusions as to whether
counsel's conduct deprived Applicant of his right to timely file a pro se petition for discretionary
review. The trial court shall also make any other findings of fact and conclusions of law that it
deems relevant and appropriate to the disposition of Applicant's claims for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court.


Filed: November 14, 2012 

Do not publish